IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| DORIS SMITH, | * |
| Plaintiff, | * |
| v. | * |
| ANDREW SAUL, Commissioner of the Social Security Administration, | *   No. 4:19-cv00380-JJV |
| Defendant. | * |

## MEMORANDUM AND ORDER

Plaintiff, Doris Smith, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded Ms. Smith had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers which she could perform despite her impairments. (Tr. 12-24.)

This review is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the Plaintiff was denied benefits due to a legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in the case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Ms. Smith was fifty-three years old at the time of the administrative hearing.  (Tr. 77.)  She testified she earned a general education diploma and attended some college.  (*Id.*)  She has past relevant work as a cashier II and teacher aide I. (Tr. 22.)

The ALJ[1] found Ms. Smith met the disability eligibility requirements to apply for disability insurance benefits.  (Tr. 14.)  She has not engaged in any substantial gainful activity since the alleged onset date.  (*Id.*)  She has severe impairments in the form of atherosclerotic heart disease, fibromyalgia, osteoarthritis of the knees and obesity, but the ALJ found that these impairments did not meet or equal one of the listed impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1.[2]  (Tr. 14-16.)

The ALJ determined Ms. Smith had the residual functional capacity ("RFC") to perform a reduced range of sedentary work.  (Tr. 16.)  Based on this RFC, the ALJ determined she could no longer perform her past work.  (Tr. 21.)  Therefore, the ALJ utilized the services of a vocational expert (VE) to determine if jobs existed that Ms. Smith could perform despite her impairments.

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

(Tr. 104-108.) Given the VE's testimony, the ALJ determined Ms. Smith could perform the jobs of telephone solicitor, employment clerk, and information clerk. (Tr. 23.) Accordingly, the ALJ determined Ms. Smith is not disabled. (Tr. 24.)

The Appeals Council received additional evidence but denied Ms. Smith's request for a review of the ALJ's decision. (Tr. 1-5.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id.*) Plaintiff filed the instant Complaint initiating this review. (Doc. No. 2.)

In support of her Complaint, Plaintiff seeks reversal of the ALJ's decision for two reasons. First, she says the VE's testimony was overly broad when identifying her "innate aptitudes" as transferable skills. (Doc. No. 10 at 11.) Second, she says the ALJ misrepresented the VE's testimony with regard to her past relevant work. Specifically, she says the VE testified about the job of teacher aide I and the ALJ's opinion considers the job of teacher aide II. (*Id.* at 12.)

With regard to her first argument, Plaintiff says:

> The VE in Ms. Smith's case found that she had the following transferable skills that she acquired at her job as a teacher's aide I: active listening, speaking, social perceptiveness, ability to instruct, familiarity with various strategies of learning, reading comprehension, judgment/ decision making, and writing. (T. 105-106, 23). SSR 82-41(2)(a) defines a skill as "knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level . . . A skill gives a person a special advantage over unskilled workers in the labor market". The mind stretches to understand how the abilities of speaking, writing, and reading comprehension—all life skills acquired shortly after birth by the vast majority of the human population—result in giving Ms. Smith a "special advantage over unskilled workers", Soc. Sec. Rule 82-41(2)(a). While these abilities are certainly life skills, they are unquestionably not the result of acquired "knowledge of a work activity which requires the exercise of significant judgment". *Id*.

(*Id.* at 8.)

Plaintiff fairly captures the VE's testimony in her brief recited above. The VE relied upon Occupational Information Network, otherwise known as the "O*NET." "O*NET OnLine has

3

detailed descriptions of the world of work for use by job seekers, workforce development and HR professionals, students, researchers, and more!" https://www.onetonline.org. The VE used the O*NET to supplement his findings while utilizing the Dictionary of Occupational Titles. (Tr. 104-105.) When asked if any skills would transfer from Plaintiff's past relevant work as a teacher aide I, the VE testified, "They're pretty much, of course, the base of the skills would be primarily the para-educator job and I'm going to use a listing of skills that I saw on ONET for this particular occupation." (Tr. 105.) The VE specifically identified active listening, social perceptiveness, "good with reading and reading comprehension," and "good with judgment and decision making...[and] writing." (Tr. 105-106.) In reviewing the O*NET website for "Teacher Aides, Paraprofessional," those are *in fact* the "skills" associated with that occupation. https://www.onetonline.org., Code 31521. With regard to the transferability of those skills, further review of the O*NET for the job of "Telemarketer" includes those same skills of active listening and social perceptiveness. Additionally, it states that the job includes the task of "reading from scripts that describe products or services." *Id.* at 41-9041.00 – Telemarketers. Furthermore, the O*NET treats nearly identically the jobs of appointment clerk, telemarketers and information clerks.

Although Plaintiff believes the ALJ wrongly relied upon her "innate aptitudes" as transferrable skills to give her a "special advantage," those are *literally* the skills identified as being necessary to perform the job of teacher aide I. So regardless of their innateness, the ALJ could correctly determine these skills were transferrable.

The Commissioner adds, "Plaintiff's counsel was given the opportunity to cross-examine the VE on the issue of transferable skills, but she chose not to do so (Tr. 108-109)." This is a fair point. However, I also realize it was the Commissioner's burden at step five. The ALJ recognized

that burden and stated, ". . . the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education, and work experience (20 CFR 404.1512 and 404.1560(c))." (Tr. 14.) Through the VE's testimony, I find the ALJ provided substantial evidence showing Plaintiff was capable of performing the jobs of telephone solicitor, employment clerk, and information clerk. And beyond Plaintiff's technical argument, I find ample support in the record that Plaintiff is capable of performing the jobs identified by the VE, despite her impairments. Accordingly, I find no error here.

With regard to Plaintiff's second argument, I find the Commissioner's response to be highly persuasive. (Doc. No. 11 at 8.) Given the entire reading of the ALJ's decision and the hearing testimony, I find the ALJ's reference to "teacher aide II" to be a scrivener's error. The ALJ's decision clearly contemplates Plaintiff's past work as a "teacher aide I."

Plaintiff clearly suffers from some degree of limitation. Her counsel has done an admirable job advocating for her rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas*

5

*v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has not met that burden. The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff could perform a reduced range of sedentary work activities.

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that a "reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex. Rel. Reutter v. Barnhart*, 372 F.3d 946 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 19th day of November 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE